THE Thomas-Hickerson Motor Company sued Central West Casualty Company and another to recover on a fidelity bond. The court directed a verdict for the casualty company and dismissed the action as against that company.
The only controversy is over the date of the cancellation or termination of the bond.
The bond was executed August 11, 1930. By its terms it was to continue "until terminated or cancelled as hereinafter provided." The bond also contains the following provisions: "* * * the Surety may cancel this bond at any time by a written notice stating when the cancellation takes effect, served on the Employer, or sent by registered mail to the Employer * * * at least thirty days prior to the date that the cancellation takes effect. The employer may cancel this bond by like notice to the Surety. * * * In the event of the cancellation or termination of this bond as to any Employee, whether by noticeor otherwise, the right to make a claim hereunder as to such Employee shall cease at the end of six months after such termination."
On August 31, 1931, at the casualty company's request, Clyde H. Gardner, an insurance agent formerly a representative of that company, presented to Mr. Hickerson, an officer of the motor company, a paper, telling him, according to Gardner's testimony, that "there was a termination agreement requested by the company to *Page 495 
terminate the bond." Hickerson signed it in behalf of his company, and delivered it to Gardner, who thereupon returned it to the casualty company. It reads as follows:
 "Central West Casualty Company, "Detroit, Michigan. "Notice To Terminate Suretyship.
"In Consideration of the Central West Casualty Company having agreed to waive any further premium charge on their Bond No. 4234 covering Various Employees in our favor, we hereby release the said Central West Casualty Company from liability for any and all acts of the said Various Employees committed on and after the 11th day of August, 1931.
"Signed at Denver, Colo., this 21st day of August, 1931.
"Thomas-Hickerson Motor Co., Employer.
 "A. R. Hickerson, Treas. "By . . . . . . . . . . . . (Official's Name and Title.)
"C. H. Gardner, Witness."
The trial court held that that instrument terminated the bond, and that as the motor company did not make its claim until after the expiration of six months thereafter, it lost its right to enforce the claim. We think that the court was right in so holding. The heading "Notice to Terminate Suretyship" does not express the nature of the instrument. By that instrument the casualty company was released from liability for any and all acts of the motor company's employees committed on and after August 11, 1931, in consideration of the release of the motor company from liability to pay a premium charge on and after that day. As by mutual agreement both parties were released from further liability, the bond, previously a "continuing" bond, terminated. Of course, that did not relieve the casualty company from liability for defalcation that had occurred *Page 496 
during the life of the bond; but in order to enforce that liability, the motor company was bound, by the express terms of the bond, to make its claim before the expiration of six months, and this it failed to do.
The judgment is affirmed.
MR. JUSTICE HILLIARD and MR. JUSTICE BOUCK dissent.